IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NATIONAL FIRE & MARINE                                          PLAINTIFF
INSURANCE COMPANY

v.                                          CIVIL ACTION NO. 2:18-CV-16-KS-MTP

ED SHIRLEY, d/b/a
FUNTIME EVENT SERVICES                                          DEFENDANT

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff National Fire & Marine Insurance Company's Motion for Summary Judgment [6]. Defendant Ed Shirley d/b/a Funtime Event Services ("Shirley") indicated to the Court in response to a *sua sponte* Order to Show Cause [21] that he did not intend to respond to the motion [23]. Having considered the motion, the record in this matter, and otherwise being duly advised in the premises, the Court finds that the summary judgment shall be **granted.**

## I. BACKGROUND

This case arises from an automobile accident. In January 2018, Lonnie Barrier filed an action in state court wherein it was alleged that on July 20, 2015, an employee of Funtime Event Services was hauling an inflatable jump castle that fell off the truck and was struck by a vehicle in which Barrier was a passenger. [7] at p. 3, Ex. B. The state court amended complaint alleges that the employee was negligent for, among other things, failure to properly secure a load and driving in an unsafe manner. *Id*. In addition, Barrier brought a claim against Shirley for negligent entrustment of the vehicle based on a number of grounds, which included failure to train, supervise,

manage or control the employee from negligently operating the vehicle or negligently securing the load. *Id*. at p. 3-4, Ex. B. Barrier is also seeking punitive damages. *Id*. at p. 4, Ex. B.

National Fire issued Commercial General Liability Policy Number 72LPS022600 to Ed Shirley d/b/a Funtime Event Services as the named insured (the "Policy"), which policy was in effect at the time of the subject accident. [7] at p. 2, Ex. A. Presumably, Shirley made a claim under the Policy for defense and indemnity for the events at issue in the state court action because it is undisputed that National Fire is providing a defense to Shirley in the state court action under a full reservation of rights. [1] at ¶ 12. National Fire made an initial determination that no coverage exists under the Policy for the subject events due to Policy exclusions, which preclude coverage for all claims arising out of the ownership or use of an automobile. [1] at ¶ 11; [7] at p. 2-3.

National Fire brought this instant action seeking a declaration that it has no duty to defend or indemnify Shirley in connection with the state court action. [7] at p. 4. National Fire filed a Motion for Summary Judgment, asserting that there is no genuine issue of material fact that would preclude this Court from entering a judgment declaring that it has no obligation under the Policy to defend or pay claims made against Shirley in the state court action.

## II. DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding whether a genuine fact issue exits, "the court must view the facts and the inferences to be drawn therfrom in the light most favorable to the nonmoving party." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Although "' a motion for summary judgment cannot be granted

simply because there is no opposition,' . . . a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." Calais v. Theriot, 589 Fed. Appx. 310, 311 (5th Cir. 2015) (citing *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014)); *see also* L.U.Civ.R. 7(b)(3)(E).

In deciding whether National Fire is entitled to judgment as a matter of law, the Court applies the substantive law of Mississippi in this diversity case. *Barden Miss. Gaming Ltd. Liab. Corp. v. Great N. Ins. Co.*, 638 F.3d 476, 478 (5th Cir. 2011). As National Fire points out, the standard under Mississippi law when making a coverage determination has been set forth previously by this Court as follows:

> In Mississippi, "the interpretation of the language of an insurance policy is a question of law." Ambiguities in an insurance contract are to be construed against the drafting party, the insurer. However, a "clear and unambiguous contract will be enforced as written." Although policy provisions seeking to limit coverage are to be strictly construed, clear and unambiguous "exclusionary language is binding upon the insured." An insurer's duty to defend is determined by comparing the language of the insurance policy with the allegations of wrongdoing asserted in the underlying action. "'[T]he duty to defend is broader than the insurer's duty to indemnify under its policy of insurance: the insurer has a duty to defend when there is any basis for potential liability under the policy.'" It necessarily follows that there can be no duty to indemnify in the absence of a duty to defend.

*Tudor Ins. Co. v. Manchester Educ. Found., Inc.*, No. 3:10-cv-493, 2013 WL 228023 at *2 (S.D. Miss. 2013)(internal citations omitted).

### B. Analysis

The undisputed facts reveal that Plaintiff issued a policy of insurance to Shirley, which, although in full force and effect at the time of the subject automobile accident, contained the following exclusions:

**2.     Exclusions**
This insurance does not apply to:

> **g. Aircraft, Auto or Watercraft**
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

[7], Ex. A at p. 4 of 16.

The Policy further defines "loading or unloading" as "the handling of property: . . . b. While it is in or on an aircraft, watercraft or 'auto'." *Id.* at p.14 of 16. The Policy also contains a clear and unambiguous "General Liability Punitive Damage Exclusion" stating: "The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages." *Id.* at Endorsement M- 5218 (10/2005).

National Fire contends that this exclusion in the Policy negates any obligation to defend or indemnify Shirley. National Fire asserts, and the Court agrees, that all of the claims made in the state court action against Shirley fall squarely within these Policy exclusions. The Mississippi Supreme Court has made clear that auto exclusions, whether in a homeowner or CGL policy, will apply to claims such as negligent entrustment, negligent supervision and failure to train because these "will not be recognized as independent acts of negligence" such that coverage will be allowed. *Meyers v. Miss. Ins. Guar. Assoc.*, 883 So. 2d 10, 16 (Miss. 2003) (finding that where the damages arise out of the use of an automobile, the exclusion will apply because the application is not dependent on the theory of liability asserted). Because the Court finds that National Fire has no duty to defend or indemnify Ed Shirley under the Policy, there is no need to determine the applicability of the punitive damages exclusion.

Therefore, it is hereby

ORDERED AND ADJUDGED that the Motion for Summary Judgment [6] is granted and that National Fire & Marine Insurance Company is entitled to a judgment declaring that it has no obligation to defend or to indemnify Ed Shirley d/b/a Funtime Event Services under Commercial General Liability Policy Number 72LPS022600 with respect to any claims asserted by Lonnie Barrier in the civil action filed in the Circuit Court of Kemper county, Mississippi, bearing cause number 2017-CV-83WR. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 4th day of September, 2018.

    _/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE